UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| ANDREW DWIGHT KNODE,<br><br>Plaintiff,<br><br>vs.<br><br>OFFICER JOSEPH ERICKSON, in his individual and official capacity,<br><br>Defendant. | 4:19-CV-04181-KES<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL |

Plaintiff, Andrew Dwight Knode, filed a prisoner pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. Knode notified the court that he was released from the Yankton County jail. Docket 52. Knode filed a notice of interlocutory appeal. Docket 53. This court notified Knode that he had until May 15, 2021, to pay the appellate filing fee. Docket 57.

The Eighth Circuit Court of Appeals ordered Knode to pay the filing fee or move for in forma pauperis status by May 20, 2021. Docket 60. Now, Knode claims he is in custody and moves for leave to proceed in forma pauperis. Docket 62. Under the Prison Litigation Reform Act (PLRA), a prisoner who "brings a civil action or *files an appeal* in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1) (emphasis added). Based on the record, it is unclear whether Knode was a prisoner at the time he filed his notice of appeal. Assuming that Knode was not in custody when he

filed his notice of appeal, this court will not assess the filing fees under the PLRA. *See Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005).

"[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution." *Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000). But in forma pauperis status is a privilege, not a right. *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987). Federal Rule 24 of Appellate Procedure requires an appellant seeking to proceed in forma pauperis on appeal to so move in the district court and file an affidavit that: "(A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1). After review of Knode's financial affidavit (Docket 63), it appears he is indigent.

Thus, it is ORDERED:

1. That Knode's motion for leave to proceed in forma pauperis on his interlocutory appeal (Docket 62) is granted.

Dated May 20, 2021.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE