UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| ANDREW DWIGHT KNODE, <br><br> Plaintiff, <br><br> vs. <br><br> OFFICER JOSEPH ERICKSON, in his individual capacity, <br><br> Defendant. | 4:19-CV-04181-KES <br><br><br> ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

Plaintiff, Andrew Dwight Knode, filed a prisoner pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. Officer Joseph Erickson moves for summary judgment on the merits. Docket 29. Knode moves for appointment of counsel. Docket 54.

I. **Factual Background**

Viewing the evidence in the light most favorable to Knode, as the non-moving party, the facts are:[1] that on January 17, 2018, the Yankton Police Department was notified of a truck driving on the wrong side of the road. Docket 30 ¶ 1. Officer Erickson saw the truck "make a wide right turn and drive down the wrong side of the road." *Id.* ¶ 3. Knode was pulled over at approximately

---

[1] Because defendants move for summary judgment, the court recites the facts in the light most favorable to Knode. Where the facts are disputed, both parties' averments are included. Under Local Civil Rule 56.1(D), "All material facts set forth in the movant's statement of material facts will be deemed to be admitted unless controverted by the opposing party's response to the moving party's statement of material facts." Knode filed a statement of disputed facts. Docket 68.

9:47 p.m., and Officer Erickson observed that Knode was lethargic, slouched in his seat, and spoke with a "groggy voice . . . ." *Id.* ¶¶ 4-5. Knode states he had taken 4mg of Klonopin earlier and "obviously Officer Erickson had noticed the effects of it." Docket 68 ¶ 5.

When Knode opened up his glove box, Officer Erickson "observed marijuana and various pills . . . ." Docket 30 ¶ 6. Before exiting his truck, Knode told Officer Erickson that there was marijuana in his truck. *Id.* ¶ 8. Knode informed Officer Erickson and that he smoked marijuana and had taken Klonopin that morning. *Id.* ¶¶ 8-9. In the patrol car, Knode spoke with a "groggy voice," and appeared to be relaxed and disoriented. *Id.* ¶ 10. Knode claims Officer Erickson had to ask him multiple times to exit the patrol car because he was not paying attention and he self-medicated with Klonopin for his ADHD. Docket 68 ¶ 11. During the search of Knode's truck, Officer Erickson found a container of pills and Knode told him that he was a "heavy user" of drugs. Docket 30 ¶ 12. After administering the Standardized Field Sobriety Tests, Officer Erickson placed Knode under arrest for driving under the influence. *Id.* ¶¶ 13-14. Officer Erickson asked Knode if he was willing to provide a blood sample and Knode refused. Docket 68 ¶ 14.

Officer Erickson drove Knode to the Yankton County jail and requested a search warrant for a sample of Knode's blood. Docket 30 ¶¶ 15-16. Magistrate Judge Patrick Smith signed the search warrant and authorized a blood draw from Knode. *Id.* ¶ 18. At 11:08 pm, Officer Erickson showed Knode the signed search warrant, but Knode claims he "was not given a signed copy of the search

2

warrant." *Id.* ¶ 19-20. Knode asserts that there is a genuine issue of material fact as to whether Officer Erickson signed, notarized and filed a legitimate affidavit for a search warrant, a search warrant and a verified inventory sheet. Docket 68 ¶ 16. Knode filed as an attachment to his complaint an unsigned search warrant, unsigned affidavit, and an unsigned inventory sheet. Docket 1-1 at 10-12. Knode claims that Officer Erickson never signed these documents and that they are falsified. Docket 68 ¶ 17. He references his state criminal case number 66CRI18-34, and claims the signed documents cannot be found in the state court record. Docket 68 ¶¶ 19-21. But Officer Erickson filed a signed search warrant and affidavit, and the documents each include a seal of the Yankton County Clerk of Courts showing the documents were filed on January 18, 2018. Dockets 33-2, 33-3.

Officer Erickson drove Knode to the Avera Sacred Heart Hospital in Yankton to have Knode's blood drawn. Docket 30 ¶ 21. Knode claims that he never left the Yankton County jail, that he did not go to Avera, that he did not have his blood drawn, and that the blood sample obtained was not his blood. *Id.* ¶¶ 22, 23, 26, 41; Docket 68 ¶¶ 22-27. Officer Erickson witnessed Knode sign the Avera consent form and witnessed the Avera laboratory technician, Crystal Kirchenman, conduct Knode's blood draw around 11:38 pm. Docket 30 ¶ 27. Knode alleges that the signature on the consent form is not his. *Id.* ¶ 44. Kirschenman recalls conducting a blood test on Knode. *Id.* ¶ 28; Docket 23 ¶ 3. Kirschenman obtained two vials of Knode's blood, and the vials were sealed in Knode's presence. Docket 30 ¶ 29. Knode claims that Kirschenman never drew

his blood and that she is "lying to help cover this crime up or Officer Erickson falsified her affidavit." Docket 68 ¶ 28. After the blood draw, Officer Erickson drove Knode back to the Yankton County jail and Knode voluntarily agreed to provide a urine sample. Docket 30 ¶ 32. The urine field test showed a "non-negative indication for THC." *Id.*

Officer Erickson placed the blood and urine samples into the fridge locker until they were sent to the South Dakota State Health Lab (Lab). *Id.* ¶ 33. Knode disputes this fact. Docket 68 ¶ 33. The samples were received by the Lab on January 19, 2018. Docket 30 ¶ 36; Docket 33-7. The toxicology screen showed "Cannabinoids Class" present in Knode's blood sample. Docket 33-7 at 2. THC-COOH was present in his urine sample. Docket 33-8. Knode asserts that "he never took part in a blood test . . . [and] no legal documents regarding this 'alleged' blood test were ever legitimately filed on January 18, 2018, . . . This shows that Officer Erickson is not above falsifying evidence." Docket 68 ¶ 27. In his original complaint, Knode filed an affidavit of Jeremy Kroon, a chemist at the State Public Health Laboratory dated April 7, 2018. Docket 1-1 at 6-7. Kroon states that on January 19, 2018, he received samples identified as Knode's blood and the samples had a seal date of January 17, 2018 with the seal initials of CK/JE. *Id.*

Knode claims that the blood and urine samples were "unsigned, unfiled, and not notarized." Docket 30 ¶ 42. Further, he asserts that the search warrant was not filed in the state court record. Docket 68 ¶ 21. Officer Erickson filed in this case a certified copy of the signed: (1) affidavit in support for the search

4

warrant; (2) search warrant for Knode's blood; and (3) Toxicology Submission Form. Dockets 33-2, 33-3, 33-4, 33-5. Knode claims that Officer Erickson falsified evidence, but he does not state why he believes Officer Erickson fabricated the evidence. Docket 30 ¶¶ 45-46.

## II. Legal Standard

Summary judgment is appropriate if the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party can meet this burden by presenting evidence that there is no dispute of material fact or by showing that the nonmoving party has not presented evidence to support an element of its case on which it bears the ultimate burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). To avoid summary judgment, "[t]he nonmoving party may not rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial." *Mosley v. City of Northwoods*, 415 F.3d 908, 910 (8th Cir. 2005) (internal quotation omitted). The underlying substantive law identifies which facts are "material" for purposes of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the

5

requirement is that there be no genuine issue of material fact." *Id.* at 247-48 (emphasis omitted).

Essentially, the availability of summary judgment turns on whether a proper jury question is presented: "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved . . . in favor of either party." *Id.* at 250. While pro se prisoners are entitled to the benefit of liberal construction at the pleading stage, pro se prisoners are subject to the summary judgment standard set forth in Rule 56 of the Federal Rules of Civil Procedure. *Quam v. Minnehaha Cty. Jail*, 821 F.2d 522, 522 (8th Cir. 1987). The district court is not required to "plumb the record in order to find a genuine issue of material fact." *Barge v. Anheuser-Busch, Inc.*, 87 F.3d 256, 260 (8th Cir. 1996).

Courts must remain sensitive, however, "to the special problems faced by prisoners attempting to proceed pro se in vindicating their constitutional rights, and [the Eighth Circuit does] not approve summary dismissal of such pro se claims without regard for these special problems." *Nickens v. White*, 622 F.2d 967, 971 (8th Cir. 1980). "[W]hen dealing with summary judgment procedures technical rigor is inappropriate where . . . uninformed prisoners are involved." *Ross v. Franzen*, 777 F.2d 1216, 1219 (7th Cir. 1985).

**III.     Legal Analysis**

Knode's Fourteenth Amendment due process clause claim against Officer Erickson in his individual capacity survived 28 U.S.C. § 1915A screening.

6

Docket 10 at 7. Now, Officer Erickson argues that he is entitled to summary judgment as a matter of law. Docket 31 at 1. He asserts that Knode is "relying solely on his self-serving allegations and can point to no objective facts to support his allegations" and that "other than [] Knode's assertions that Officer Erickson falsified or forged numerous documents, there is not a single piece of evidence, nor a single witness, that corroborates his version of events." *Id.* at 6. Officer Erickson asserts this lawsuit is based on Knode's "personal, unsubstantiated belief or speculation." *Id.*

"A plaintiff may not merely point to unsupported self-serving allegations, but must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor." *Davidson & Assocs. v. Jung*, 422 F.3d 630, 638 (8th Cir. 2005) (citing *Wilson v. Int'l Bus. Mach. Corp.*, 62 F.3d 237, 241 (8th Cir. 1995)). "Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment." *Thomas v. Corwin*, 483 F.3d 516, 527 (8th Cir. 2007) (citing *Celotex Corp.*, 477 U.S. at 324); *Wilson v. Miller*, 821 F.3d 963, 970 (8th Cir. 2016) (holding that bare allegations in a complaint and an email written by the plaintiff about the alleged conduct were not enough to raise a genuine issue of material fact); *Anuforo v. C.I.R.*, 614 F.3d 799, 807 (8th Cir. 2010) (holding that a plaintiff's denial of the penalties and amounts he owed to the IRS were self-serving allegations and insufficient to survive summary judgment).

After a review of the record, the court concludes that Knode relies solely on his unsubstantiated allegations. He claims that: (1) he never left the Yankton County jail; (2) he did not go to Avera; (3) he did not have his blood drawn; and (4) the blood sample obtained was not his blood. Docket 30 ¶¶ 22, 23, 26, 41. But Knode did not file any evidence to support his allegations. Officer Erickson, on the other hand, filed a Toxicology Submission Form and an affidavit by the Avera laboratory technician, who remembers taking Knode's blood. Dockets 23, 33-4. Knode also claims that a signed search warrant was never filed in the state court record or shown to him. Docket 68 ¶ 21. But Officer Erickson filed with this court a certified copy of the search warrant and the search inventory. Dockets 33-2, 33-3, 33-5. Additionally, an affidavit of the chemist, Jeremy Kroon, was attached to Knode's original complaint stating that he received samples on January 19, 2018, identified as Knode's blood, with a seal date of January 17, 2018, and with the seal initials of CK/JE. Docket 1-1 at 6-7. In light of this independent evidence, Knode's statement that the signed documents were not disclosed to him during discovery in his state criminal case does not raise a genuine issue of material fact that the documents were fabricated or falsified.

Knode's deposition and the alleged facts in his complaint do not identify evidence that a jury could rely on to find in his favor, and his claims stand merely on his unsupported self-serving allegations. Knode's Fourteenth Amendment claim is only supported by Knode's allegations that Officer Erickson fabricated the evidence against him. Because Knode's unsupported

statements by themselves do not raise a genuine issue of material fact, Officer Erickson's motion for summary judgment (Docket 29) is granted.

Thus, it is ORDERED:

1. That Officer Joseph Erickson's motion for summary judgment (Docket 29) is granted. Erickson is entitled to summary judgment in his favor.

2. Knode's motion for appointment of counsel (Docket 54) is denied as moot.

Dated July 12, 2021.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE