UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| ANDREW DWIGHT KNODE,<br><br>                Plaintiff,<br><br>vs.<br><br>OFFICER JOSEPH ERICKSON,<br><br>                Defendant. | 4:19-CV-04181-KES<br><br><br>ORDER DENYING<br>RULE 60(b) MOTION |

    Plaintiff, Andrew Dwight Knode, moves under Federal Rule of Civil Procedure 60 to reconsider the court's order of July 12, 2021, granting summary judgment in favor of defendant, Officer Joseph Erickson. Docket 78. Officer Erickson opposes the motion. Docket 79.

    Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party . . . from a[n] . . . order" based on at least one of six enumerated reasons. "A district court should grant a Rule 60(b) motion 'only upon an adequate showing of exceptional circumstances.' " *Richards v. Aramark Servs., Inc.*, 108 F.3d 925, 927 (8th Cir. 1997) (quoting *United States v. Tracts 10 & 11 of Lakeview Heights*, 51 F.3d 117, 120 (8th Cir. 1995)). The court has "wide discretion" in ruling on a Rule 60(b) motion. *Jones v. Swanson*, 512 F.3d 1045, 1048 (8th Cir. 2008).

    Knode alleges that he is entitled to relief on the grounds of (1) mistake, inadvertence, surprise, or excusable neglect; (2) fraud; (3) voidness of the judgment; and (4) any other reason that justifies relief from the judgment.

Docket 78 at 1-2. First, Knode contends that he made a mistake when he accidently forgot to include Exhibit A when he filed his response to Erickson's motion for summary judgment. *Id.* at 2. But the record reflects that Exhibit A was docketed the same day, June 21, 2021, as Knode's response to the motion for summary judgment. Dockets 71-1, 66. Although the court did not specifically reference Exhibit A in its order granting the motion for summary judgment, it did consider it. Exhibit A is the case summary for the case entitled *State of South Dakota vs. Andrew Dwight Knode*, 66CRI18-000034. Docket 71-1. Knode contends that this docket sheet shows that "the documents that Officer Erickson 'alleges' to be legitimate and legally binding; Affidavit In Support Of Request For Search Warrant (To Be Used For DUI Evidence Draws Only), Search Warrant (To Be Used For DUI Evidence Draws Only), and Verified Inventory; were in fact never entered into the Court record, thereby making them falsified." Docket 78 at 4.

But Officer Erickson filed certified copies of the Affidavit in Support of Request for Search Warrant (To be Used for DUI Evidence Draws Only) and of the Search Warrant (To be Used for DUI Evidence Draws Only). Dockets 33-2, 33-3. The caption on those documents indicates they were filed in Yankton County case 66SWA18-000008 entitled *State of South Dakota vs. Andrew Dwight Knode*. The court takes judicial notice under Federal Rule of Evidence 201 of the docket sheet for this case, a copy of which is attached hereto as exhibit 1. The docket sheet for the search warrant matter reflects that on January 18, 2018, the following documents were filed with the Yankton County

Clerk of Courts: Affidavit in Support of a Search Warrant, Search Warrant, and Verified Inventory. Because the docket sheet filed by Knode—Exhibit A—is not the docket sheet related to the issuance of the search warrant, Exhibit A was not material to the issue of whether Officer Erickson was entitled to summary judgment. That is why the court did not discuss the Exhibit A in its order granting summary judgment—not because of a mistake. As a result, Knode is not entitled to relief from the summary judgment order due to mistake.

Second, Knode contends that Officer Erickson committed fraud upon the court because Exhibit A shows that the documents Erickson supplied to the court were fraudulent. Docket 78 at 6. Exhibit 1 attached to this opinion, however, shows that Officer Erickson's documents were in fact filed with the Clerk of Courts and there is no evidence to show that they are fraudulent.

Third, Knode argues that the judgment is void because he was denied due process when the court failed to consider Exhibit A. *Id.* at 7.  The court did consider Exhibit A and concluded it was not relevant because it was not the docket sheet for the search warrant. Therefore, Knode was not denied due process and the judgment is not void.

Finally, Knode states that the court's failure to examine his evidence amounts to "extraordinary circumstances." *Id.* at 9. Because the court did consider Knode's evidence, he has failed to show extraordinary circumstances justifying relief from the judgment.

As the court found in its order granting defendant's motion for summary judgment, Knode's allegations about the falsification of evidence are

unsupported self-serving allegations that are insufficient to withstand a motion for summary judgment. *See Thomas v. Corwin*, 483 F.3d 516, 527 (8th Cir. 2007).

The court has reviewed its order of July 12, 2021, as well as the additional briefing filed by both parties regarding this motion. The court "find[s] no application of an erroneous view of the law or erroneous assessment of evidence by the district court," and Knode has not identified exceptional circumstances justifying reconsideration. *Richards*, 108 F.3d at 927. Thus, it is

ORDERED that Knode's motion for relief under Rule 60(b) (Docket 78) is denied.

Dated December 9, 2021.

                                  BY THE COURT:

                                  /s/ *Karen E. Schreier*
                                  KAREN E. SCHREIER
                                  UNITED STATES DISTRICT JUDGE