UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| ANDREW DWIGHT KNODE,<br><br>      Plaintiff,<br><br>  vs.<br><br>OFFICER JOSEPH ERICKSON, in his individual and official capacity,<br><br>      Defendant. | 4:19-CV-04181-KES<br><br><br>SUA SPONTE ORDER RULING THAT PLAINTIFF MAY PROCEED IN FORMA PAUPERIS ON APPEAL |

  Plaintiff, Andrew Dwight Knode, filed a prisoner pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. Judgment was entered against Knode, and he filed a motion to reconsider under Federal Rule of Civil Procedure 60(b), which this court denied. Dockets 75, 78, 82. Knode appealed the judgment and the denial of his Rule 60(b) motion. Dockets 84, 85. The Eighth Circuit Court of Appeals dismissed Knode's appeal as untimely. Docket 92. Knode then filed a second motion to reconsider, which this court denied. Dockets 102, 104. Knode appealed this court's denial of his second motion to reconsider, and his appeal is still pending. *See* Docket 107. Knode next filed a third motion to reconsider, asking this court to reconsider a prior order denying his motion for either the court or the defendants to pay for DNA testing. Docket 108. This court denied Knode's third motion to reconsider, which Knode now appeals. Dockets 112, 116. Knode has not provided the court with an updated prisoner trust account

report. *See* Docket 116. This court must sua sponte rule on whether Knode may proceed in forma pauperis.

Under the Prison Litigation Reform Act (the "Act"), a prisoner who "files an appeal in forma pauperis . . . [is] required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). This obligation arises "the moment the prisoner . . . files an appeal." *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (per curiam) (omission in original) (quoting *In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997)). "[W]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan." *Id.* (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)). "[P]risoners who appeal judgments in civil cases must sooner or later pay the appellate filing fees in full." *Id.* (citing *Newlin v. Helman*, 123 F.3d 429, 432 (7th Cir. 1997)).

In *Henderson*, the Eighth Circuit Court of Appeals set forth "the procedure to be used to assess, calculate, and collect" appellate filing fees in compliance with the Act. *Id.* First, the court must determine whether the appeal is taken in good faith. *Id.* at 485 (citing 28 U.S.C. § 1915(a)(3)). Then, so long as the prisoner has provided the court with a certified copy of his prisoner trust account, the court must "calculate the initial appellate partial filing fee as provided by § 1915(b)(1), or determine that the provisions of § 1915(b)(4) apply." *Id.* The initial partial filing fee must be 20 percent of the greater of:

    (A)    the average monthly deposits to the prisoner's account; or

    (B)    the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

28 U.S.C. § 1915(b)(1). Nonetheless, no prisoner will be "prohibited from . . . appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4).

Under Federal Rule of Appellate Procedure 24(a)(3), "[a] party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization" unless the appeal is not taken in good faith or the court "finds that the party is not otherwise entitled to proceed in forma pauperis[.]" It appears that Knode's appeal is taken in good faith. Knode's most recent prisoner trust account report shows an average monthly deposit of $0.00 and an average monthly balance of *negative* $159.86. Docket 5 at 1. The court finds that § 1915(b)(4) applies and waives his initial partial filing fee.

Thus, it is ORDERED:

1. That this court sua sponte grants Knode leave to proceed in forma pauperis on his appeal.

2. That the institution having custody of Knode is directed that whenever the amount in Knode's trust account, exclusive of funds available to him in his frozen account, exceeds $10, monthly payments that equal 20 percent of the funds credited to the account the preceding month shall be forwarded to the United States

3

District Court Clerk's office pursuant to 28 U.S.C. § 1915(b)(2), until the appellate filing fee of $505 is paid in full.

Dated September 13, 2022.

        BY THE COURT:

        /s/ *Karen E. Schreier*
        KAREN E. SCHREIER
        UNITED STATES DISTRICT JUDGE